IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| CELIA BURNETT, | |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR AMENDMENT TO JUDGMENT UNDER RULE 59(e) |
| vs. | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | Case No. 1:04-CV-161 TS |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Amendment to Judgment Under Rule 59(e),[1] filed April 25, 2006.  Defendant filed her response May 9, 2006,[2] and Plaintiff's reply was filed on May 22, 2006.[3]  Having reviewed the file, the pleadings and being otherwise fully informed, the Court will deny Plaintiff's Motion, as set forth more fully below.

---

[1] Docket No. 26.

[2] Docket No. 29.

[3] Docket No. 30.

1

DISCUSSION

Plaintiff brings her Motion under Fed. R. Civ. P. 59(e), and the Court notes that it is timely filed.  Rule 59(e) provides a manner in which to alter or amend a judgment.  However, Plaintiff is requesting that she be allowed to brief the case, and argues that her previous failure to do so was the result of inadvertence on her counsel's part.  This Court believes that the substance of Plaintiff's Motion more accurately lends itself to one brought pursuant to Fed. R. Civ. P. 60(b), which provides that a party may be relieved from a final judgment in certain circumstances, including inadvertence and excusable neglect.  Therefore, the Court construes Plaintiff's Motion as one brought pursuant to Rule 60(b).

Under either rule or standard, the Court finds Plaintiff's Motion to be without merit.  As was detailed in the Court's April 11, 2006 Memorandum Decision and Order Granting Defendant's Motion to Dismiss,[4] Plaintiff filed this case in November of 2004.  After a scheduling order was entered, there were seven additional extensions granted over a six-month period.  However, no substantive pleading was ever filed by Plaintiff.  Defendant filed a Motion to Dismiss on December 5, 2005, to which no response was ever filed by Plaintiff.  The Court waited over four months and, on April 11, 2006, the Court granted the Motion to Dismiss, pursuant to DUCivR 7-1(d) and Fed. R. Civ. P. 41(b) for failure to prosecute.  The instant motion followed.

The fact that Plaintiff repeatedly filed for extensions of time demonstrates that she was aware of her deadlines.  Plaintiff's counsel's arguments that a member of his staff was ill for an

---

[4] Docket No. 25.

extended period, or that his client is arguably disabled, do not relieve counsel of his own responsibility to adequately prosecute this case, to respond to scheduling orders of the court, or to respond to motions by the opposing party. In fact, it could be argued that those factors set forth as excuses for relief in this case actually imposed upon Mr. Borsos an increased duty to ensure that this case was adequately litigated.

Plaintiff's counsel cannot shift responsibility by blaming his own staff for his failure to prosecute this case. Although Mr. Borsos argues that he was awaiting materials from his assistant, and that she had the transcript, he has offered no explanation for why he failed to respond at all to Defendant's Motion to Dismiss, which did not require any of the materials he was supposedly awaiting.

The Court is simply unpersuaded that, in the approximately 18-month life-span of this case prior to dismissal, there was no opportunity for Plaintiff's counsel to comply with his obligations to his client and to the Court.

The Court also notes that Mr. Borsos has apparently had a history of similar problems of failing to adequately respond, and he has received financial sanctions from other judges in this Court. Such sanctions have not resulted in the desired effect – bringing Mr. Borsos into compliance with Court rule. While the Court will not impose an additional sanction against Mr. Borsos in this case, the Court's Order of dismissal will stand.

Plaintiff has failed to meet her burden of persuading this Court – under either Rule 59(e) or 60(b) – that she is entitled to relief from the judgment entered. The utter failure of filing any

substantive response in this case over an 18-month period was not the result of mistake or excusable neglect, and the Court finds no other grounds which would merit such relief.

## CONCLUSION

Based upon the above, it is hereby

ORDERED that Plaintiff's Motion for Amendment to Judgment Under Rule 59(e), and construed as brought pursuant to Rule 60(b), is DENIED.  The Court's prior Order will not be amended or set aside, and this case is closed.

SO ORDERED.

DATED  September 15, 2006.

BY THE COURT:

_____
TED STEWART
United States District Judge